IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

*******

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY, UNITED STATES FIDELITY AND GUARANTY COMPANY, and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | CV 12-104-H-CCL |
| Plaintiffs, | ORDER |
| -v- | |
| THE ROMAN CATHOLIC BISHOP OF HELENA, | |
| Defendant. | |

*******

Before the Court is Defendant's Motion to Dismiss this case (ECF No. 4). The Roman Catholic Bishop of Helena, Montana (the "Bishop") urges the Court to abstain from adjudicating this declaratory judgment action regarding insurance coverage because an earlier-filed state court action raises similar or identical

issues.[1]

Plaintiffs are three Travelers Insurance Companies: Travelers Casualty and Surety Company, United States Fidelity and Guaranty Company, and St. Paul Fire and Marine Insurance Company (collectively, the "Travelers"). Travelers presents this case pursuant to the Declaratory Judgment Act (the "Act"), 28 U.S.C. § 2201(a). In the Complaint, Travelers seeks a declaration that it is not obligated to defend or indemnify the Bishop in pending state litigation. Travelers also asserts that any coverage that might have existed was forfeited by the Bishop by his failure to give timely notice of the underlying actions to Travelers. The instant complaint states that Travelers and three other insurers are providing a defense to the Bishop in the pending state litigation. (ECF No. 1, ¶ 45.) Therefore, Travelers seeks a declaration of no coverage and that it may discontinue the defense it is currently providing to the Bishop in state court.

---

[1] The Court notes that a similar motion was also brought by the Bishop, and was granted by the district court, in a related case in the District of Montana. *See The Catholic Mutual Relief Society of America v. The Roman Catholic Bishop of Helena, Montana*, CV 12-189-M-DLC ("*CMRSA*"). On February 27, 2013, the district court dismissed *CMSRA* on the same grounds as are now asserted by the Bishop in this case.

Pursuant to the Act, the Court's acceptance of any declaratory judgment action is not obligatory.[2]

There are three underlying state court cases related to this declaratory judgment action. The first is *Whalen, et al. v. Diocese of Helena, et al.*, BDV 2011-925 (First Judicial District Court, Lewis and Clark County), which is brought by 235 plaintiffs against the Bishop, for injuries they allegedly received by individuals for whom the Bishop was responsible from the 1930s through the 1970s. The second action is *Doe, et al. v. Diocese of Helena, and Ursuline Sisters of the Western Province, et al.*, ADV 2011-936 (First Judicial District Court, Lewis and Clark County), which is brought by 89 plaintiffs against the Roman Catholic Bishop of the Diocese of Helena and the Ursuline Sisters, for similar injuries as alleged in *Whalen*.

---

[2] "[A]ny court of the United States, upon the filing of an appropriate pleading, *may declare* the rights and other legal relations of any interested party seeking such declaration. . . ." 28 U.S.C. § 2201(a) (emphasis added). *See Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250, 73 S.Ct. 236, 243-44, 97 L.Ed. 291 (1952); *see also Government Employees Insurance Company v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (holding district court not required to address *sua sponte* its discretion to accept or deny jurisdiction under the Act when issue not raised by parties).

Most significant, however, is the third related action because it is a seemingly parallel state action that was filed before the instant action: *Whalen, et al. v. Catholic Mutual Relief Society of America, et al.*, DDV 2012-976 (First Judicial District Court, Lewis and Clark County) (the "State Court Coverage Action," sometimes referred to as "*Whalen II*").[3]  In this state court case, the *Whalen* plaintiffs claim they are third-party beneficiaries of the Bishop's policies of insurance and have vested rights in policy benefits.  These plaintiffs have requested that, pursuant to the Montana Declaratory Judgment Act, § 27-8-202, the state court determine the scope and extent of coverage under *all* policies issued by the Diocese's insurers.

---

[3] The named defendants in *Whalen II* are The Catholic Mutual Relief Society of America, Fireman's Fund Insurance Comopany, Great American Insurance Company, Reliance Insurance Company; American Home Assurance Company, St. Paul's Insurance, The Travelers Indemnity Company, Montana Insurance Guarantee Association, General Insurance Company of America, First National Insurance Company, CNA Insurance Company, Standard Insurance Company, One Beacon Insurance Group, Ltd., The Diocese of Montana a/k/a The Roman Catholic Diocese of Helena, Ursuline Sisters of The Western Province, and John Does, 1-20. Two of these defendants, St. Paul's Insurance and The Travelers Indemnity Company, are among The Travelers companies.  John Does 1-20 "are other and additional insurers who insured Defendants Diocese and Ursulines in Montana and who issued policies of liability insurance to Defendants Diocese and/or Ursulines. (ECF No. 5-1 at 7, ¶ 7.)  The presence of the Montana Insurance Guaranty Association renders the State Coverage Action non-removable.

It is in this state/federal litigation context that the Bishop argues the claims in the instant declaratory judgment action involve the same issues and questions of Montana law as are being presented in the State Court Coverage Action/*Whalen II*. The Bishop asserts that this court should decline to take jurisdiction over this case because (1) the same issues will be decided in both this case and the state case, (2) this court may be required to determine Montana law in this case, (3) piecemeal litigation in two courts could result in inconsistent determinations, and (4) this case was filed only in response to the state court case. The Bishop asserts that this case meets all requisite criteria for dismissal of the case.

Under the *Wilton/Brillhart* Doctrine, courts may dismiss a declaratory judgment action even though its claims meet all jurisdictional requirements. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137 (1995) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)). It is considered generally to be "vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same

parties." *Brillhart*, 316 U.S. at 495. Indeed, a presumption is raised in favor of declining jurisdiction when a parallel state court action is pending. *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc).

When considering whether to abstain in a declaratory judgment action, a court should "balance concerns of judicial administration, comity, and fairness to the litigants." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 205) (internal citations omitted). Further, factors that should be given consideration are (1) avoiding "needless determination of state law issues"; (2) discouraging "forum shopping"; and (3) avoiding "duplicative litigation." *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011). When diversity is the only basis for jurisdiction, a determination that these factors favoring abstention should "weigh heavily in favor of dismissing the action." *Central United Life Ins. Co. v. Estate of Gleason*, No. CV 11-31-H-DWM, 2011 WL 6258448, at *2. The lack of a compelling federal interest by itself supports abstention. *R.R. St. & Co.*, 656 F.3d at 975.

In this case, the insurance coverage issues present questions of state, not

federal, law. The claims are based on the diversity jurisdiction of the parties. Some of the claims may eventually require determinations of novel questions of state law. *See, e.g., CMRSA*, CV 12-189-M-DLC, *slip op.* at 5-6.

Travelers asserts two non-declaratory judgment claims, one for reformation of contract and one for breach of contract. The question arises whether these two claims are dependent or independent of the declaratory claims. The answer to that question may determine whether the Court should decline or accept jurisdiction over the matter. The reformation of contract claim is dependent upon Travelers' claim that the policy was never issued. Likewise, the breach of contract claim would be moot should the Court find that the policy was never issued. Therefore the Count III reformation and Count IV breach of contract claims are closely related to and dependent upon the declaratory judgment claims. Moreover, they are declaratory in nature themselves. In each instance, a declaration is sought: a declaration by the Court that the 1971-73 U.S. Fidelity policy affords no liability coverage (ECF No. 1, ¶ 72) and a declaration that the Bishop failed to provide timely notice under the terms of the policy thereby excusing performance by

Travelers.

Travelers disagrees with the court's determination that the state action is a parallel proceeding. However, a parallel proceeding does not require that precisely the same issues and parties be present in both the state and federal cases. It is sufficient if the parallel cases depend upon the same factual circumstances (*i.e.*, the underlying tort claims). *See American Nat. Fire Ins. Co. v. Hungerford*, 53 F.3d 1012 (9th Cir. 1995) (citing *Allstate Ins. Co. v. Mercier*, 913 F.2d 273 (6th Cir. 1990)), *overrul'd on other grounds by Gv't Employees Ins. Co. v. Dizol,* 133 F.3d 1220 (9th Cir. 1998). This definition in state and federal declaratory judgment actions, in the context of multiple insurance carriers and multiple claimants, carries with it the obvious benefit of avoiding inconsistent or contradictory treatment of claims submitted by similarly situated plaintiffs. Further, the Bishop asserts that he will cross-claim against its insurance companies in the State Coverage Action to resolve all coverage issues arising in both *Whalen* and *Doe*.

Moreover, issues of Montana law will necessarily be addressed by the State

8

Coverage Action.  As the Bishop points out, such issues may include "(a) whether an insurance company may deny coverage for sexual abuse injuries committed by employees under the guise of whether the supervising church 'expected or intended' the injuries; (b) which policies are triggered by the claims of abuse; and (c) how many times each policy must respond to each claim of abuse."  (ECF No. 22 at 12.)  It is clear that there will be significant overlap in the coverage issues affecting the insurers and the *Whalen* and *Doe* plaintiffs alike.

     This Court concludes accepting jurisdiction in this case would result in the unnecessary determination of state law issues and duplication of judicial effort contrary to the interests of comity and federalism.

     Travelers next seeks to amend its complaint to add a claim arising from its recent discovery of a 1994 settlement agreement that allegedly released St. Paul Fire and Marine Insurance Company from any obligation to indemnify the Diocese for future sexual abuse claims and allegedly promised that the Diocese would pay the costs of any future claims.  (ECF No. 25 at 2.)  Although framed as a non-declaratory judgment claim (for breach of contract), this, too, is another dependent

9

claim that would first require determinations of state law which can be raised in the state proceeding. The court remains convinced that abstention is appropriate.

Accordingly,

IT IS HEREBY ORDERED:

1. That the motion to amend the complaint (ECF No. 24) filed by Travelers is DENIED,

2. That the motion to dismiss (ECF No. 4) filed by the Bishop is GRANTED, and

3. That this case is DISMISSED without prejudice.

Done and Dated this 22nd day of March, 2013.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE

10